IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIEGO VENEGAS, *et al.*,

    Plaintiffs,

v.

WRIGHT STATE UNIVERSITY, *et al.*,

    Defendants.

Case No. 3:16-cv-377

JUDGE WALTER H. RICE

---

DECISION AND ENTRY DISMISSING CLAIM ONE OF PLAINTIFFS DIEGO VENEGAS AND MARC SODINI'S COMPLAINT WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS WRIGHT STATE UNIVERSITY AND CHRIS TAYLOR AND AGAINST PLAINTIFFS ON CLAIMS ONE THROUGH FIVE; CLAIM SIX IS DISMISSED WITHOUT PREJUDICE TO REFILING IN A STATE COURT OF COMPETENT JURISDICTION; TERMINATION ENTRY

---

Plaintiffs Diego Venegas ("Venegas") and Marc Sodini ("Sodini") (collectively "Plaintiffs"), former members of the Wright State University ("WSU") Men's Varsity Tennis Team ("Team"), allege WSU and Chris Taylor ("Taylor"), in his official capacity as the Director of WSU's Office of Community Standards and Student Conduct (collectively "Defendants"), improperly removed them from the Team and terminated their enrollment at WSU. Plaintiffs claim that Defendants violated their rights under the First and Fourteenth Amendments to the United States Constitution (claims brought under 42 U.S.C. §1983); violated their rights under Title IX of the United States Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.* ("Title IX"); and breached their contracts with Plaintiffs. Doc. #1.

On August 21, 2017, the Court issued a Decision and Entry that sustained in part and overruled in part Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss"), and overruled Plaintiffs' Motion for Leave to Amend the Complaint ("Motion for Leave"). Doc. #11 (citing Doc. #5; Doc. #7). The Court dismissed: Claims Two through Five with prejudice; and Claim One without prejudice, granting Plaintiffs twenty-one days from the date of the Decision and Entry to file an amended claim, subject to the conditions set forth in the Decision and Entry and the strictures of Federal Rule of Civil Procedure 11. The Court ruled that, if Plaintiffs did not file an amended Claim One within that time, that claim would be dismissed with prejudice, and judgment would enter in favor of Defendants and against Plaintiffs on Claims One through Five. As Claim Six arises solely under state law, the Court stated that, if Plaintiffs failed to plead a viable amended Claim One, it would decline to exercise its supplemental jurisdiction, 28 U.S.C. § 1367, and dismiss Claim Six. *Id.*, PAGEID #180-81.

As Plaintiffs failed to file an amended Claim One within the time set forth in the Decision and Entry, that claim is dismissed with prejudice, and judgment shall enter in favor of Defendants and against Plaintiffs on Claims One through Five. Further, Claim Six is dismissed without prejudice to refiling in a state court of competent jurisdiction.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Dated: November 29, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

2